IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ℓ D.C.
05 MAY 10 PM 5: 24
ROBERT R. DI TROLIO
CLERK OF U.S. DIST. CT.
W.D. OF TN. JACKSON

| | | |
|---|---|---|
| FLOYD LEE PERRY, JR., | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 05-1052-T/An |
| TENNESSEE DEPARTMENT OF CORRECTIONS, | ) | |
| Respondent. | ) | |

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER CORRECTING THE DOCKET
ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

Petitioner Floyd Lee Perry, Jr., Tennessee Department of Correction ("TDOC") prisoner number 302253, an inmate at the Southeastern Tennessee State Regional Correctional Facility ("STSRCF") in Pikeville, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254 on February 25, 2005, along with a motion seeking leave to proceed in forma pauperis. Based on the information set forth in the prisoner's application, the motion

for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the respondent as STSRCF warden Virginia Lewis.[1]

## I.   STATE COURT PROCEDURAL HISTORY

On or about February 24, 1999, Perry was convicted following a jury trial in the Obion County Circuit Court of first degree murder in the perpetration of a robbery, especially aggravated robbery, and second degree murder (as a lesser-included offense of first degree murder). The trial court conducted a sentencing hearing on or about March 26, 1999, at which time the convictions for second degree murder and first degree felony murder were merged and Perry was sentenced to concurrent terms of life imprisonment with the possibility of parole for felony murder and twenty-three (23) years for especially aggravated robbery. The Tennessee Court of Criminal Appeals affirmed. State v. Perry, No. W1999-01715-CCA-R3-CD, 2000 WL 1671451 (Tenn. Crim. App. Oct. 23, 2000), perm. app. denied (Tenn. May 21, 2001).

Perry filed a pro se petition pursuant to the then-current version of the Tennessee Post-Conviction Procedure Act, Tenn. Code Ann. §§ 40-30-201 to -222, in the Obion County Circuit Court on April 17, 2002. Counsel was appointed to represent Perry, and the postconviction court conducted an evidentiary hearing. The postconviction court issued an order denying the petition on August 23, 2002, and the Tennessee Court of Criminal

---

[1]   Although the petition lists the TDOC and the Tennessee Attorney General as respondents, the proper respondent to a habeas petition is the petitioner's custodian. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2718 (2004). The Clerk is ORDERED to remove the TDOC and the Tennessee Attorney General as parties to this action.

2

Appeals affirmed, Perry v. State, No. W2002-02303-CCA-R3-PC, 2004 WL 115381 (Tenn. Crim. App. Jan. 21, 2004), perm. app. denied (Tenn. May 24, 2004).

## II. PETITIONER'S FEDERAL HABEAS CLAIMS

In this federal habeas petition, Perry raises the following issues:

1. Whether he was denied the effective assistance of counsel, in violation of the Sixth Amendment;

2. Whether he was denied the right to seek permission to appeal to the Tennessee Supreme Court on direct appeal;

3. Whether his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defense;

4. Whether the petitioner's convictions for first degree felony murder and second degree murder are due to the trial court's failure to instruct the jury on lesser offenses;

5. Whether the conviction was obtained by a violation of the prohibition against double jeopardy, due to the fact that the same evidence was used to convict the petitioner on the two murder counts involving a single victim; and

6. Whether the conviction was obtained by the action of a grand or petit jury that was unconstitutionally selected and impaneled.

## III. ANALYSIS OF THE MERITS

The first issue to be considered is the timeliness of this petition. Twenty-eight U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of—

3

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  Application of these provisions in this case is straightforward. State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) at the expiration of the time for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). The Tennessee Supreme Court denied review on May 21, 2001 and, therefore, the statute of limitations began to run at the conclusion of the time for filing a petition for a writ of certiorari on August 20, 2001. Although the running of the limitations period was tolled, pursuant to 28 U.S.C. § 2244(d)(2), when Perry filed his state postconviction petition on April 17, 2002, Perry v. State, 2004 WL 115381, at *1, by that time two hundred forty (240)

4

days of the limitations period had elapsed. The running of the limitations period recommenced on September 1, 2004, the expiration of the time for filing a petition for a writ of certiorari concerning the decision of the Tennessee Court of Criminal Appeals on the postconviction petition. Abela v. Martin, 348 F.3d 164 (6th Cir. 2003) (en banc), cert. denied, 124 S. Ct. 2388 (2004). Only one hundred twenty five (125) days of the limitations period remained at the time, and the time for filing a timely § 2254 petition expired on January 4, 2005. Perry's petition was not received by the Clerk until February 25, 2005 and, even if it were deemed filed on February 23, 2005, the date on which it was executed, Miller v. Collins, 305 F.3d 491, 497-98 & n. 8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (§ 2255 motion), it was filed almost two months after the expiration of the limitations period.[2]

The one-year limitations period applicable to § 2254 motions is subject to equitable tolling. Griffin v. Rogers, 308 F.3d 647, 652-53 (6th Cir. 2002); see also Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001) (equitable tolling also applies to § 2255 motions). Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the

---

[2] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. In this case, however, an examination of Perry's claims reveals no basis for concluding that the limitations period commenced at any time later than the date on which his conviction became final.

petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.[3]

The Sixth Circuit has repeatedly made clear its view that "equitable tolling relief should be granted only sparingly." Amini, 259 F.3d at 500; see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when pro se litigant missed filing deadline by one day). Thus, ignorance of the law by pro se litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept.

---

[3] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

6

21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[4]

Perry cannot satisfy his burden of demonstrating that equitable tolling would be appropriate in this case. It appears that Perry mistakenly assumed that the one-year period for filing a petition pursuant to 28 U.S.C. § 2254 commences to run, in the first instance, only after the disposition of all state-court collateral challenges to his conviction. For the reasons previously stated, Perry's ignorance of the law provides no basis for tolling of the limitations period.

Because it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The petition is DISMISSED.

IV.   APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

>   (1)   Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>         (A)   the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

---

[4] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

  (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there

8

is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA; "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[5]

In this case, there can be no question that the petition is time barred and, therefore, any appeal by this petitioner on any of the issues raised in this petition does not deserve attention. The Court, therefore, DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying habeas petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a habeas case, and thereby avoid the $255 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate

---

[5] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Id. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

9

Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a)(3) provides that if a party was permitted to proceed <u>in forma pauperis</u> in the district court, he may also proceed on appeal <u>in forma pauperis</u> without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal <u>in forma pauperis</u> is DENIED. Accordingly, if petitioner files a notice of appeal, he must also pay the full $255 appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 10th day of May, 2005.

/s/ James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 1:05-CV-01052 was distributed by fax, mail, or direct printing on May 12, 2005 to the parties listed.

---

Floyd Lee Perry
S.T.S.R.C.F.
302253
Route 4, Box 600
Pikeville, TN 37367

Honorable James Todd
US DISTRICT COURT