IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FLOYD LEE PERRY,                            )
                                            )
        Petitioner,                         )
                                            )
VS.                                         )        No. 05-1052-T/An
                                            )
TENNESSEE DEPARTMENT OF                     )
CORRECTION; ET AL.,                         )
                                            )
        Respondents.                        )

_____

ORDER GRANTING MOTION TO VACATE AND REENTER JUDGMENT

_____

Petitioner Floyd Lee Perry filed a *pro se* petition pursuant to 28 U.S.C. § 2254.  On

May 10, 2005, the Court issued an order dismissing the petition, denying a certificate of

appealability, certifying that an appeal would not be taken in good faith and denying leave

to appeal *in forma pauperis*.  Judgment was entered on May 13, 2005.  The petitioner's

copies of the Order of Dismissal and Judgment were returned to the Clerk's office marked

"Undeliverable—Not at this Institution" on May 19 and May 20, 2005, respectively.  On July

13, 2005, the Clerk received a letter from the petitioner dated July 11, 2005, inquiring about

his case and including a change of address.  However, inadvertently, the computerized docket

was not modified to reflect the change of address; instead, petitioner's letter was forwarded

to one of the Court's Staff Attorneys.  The Staff Attorney responded to the letter on August

18, 2005 and personally mailed copies of the docket sheet, the Order of Dismissal and the

Judgment to petitioner's new address.  However, the letter itself was not returned to the Clerk and petitioner's new address was never entered on the computerized docket.

On September 8, 2005, petitioner filed a motion to reopen the time to file an appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(6), on the grounds that he did not receive the Order of Dismissal and Judgment until August 23, 2005, more than three months after entry on the docket.  The motion to reopen was timely because, under the rule of Houston v. Lack, 487 U.S. 266 (1988), it was filed within seven days after he received notice of the entry of judgment.  There was no prejudice as the petitioner had been dismissed prior to service on the respondent.  Therefore, on September 13, 2005 the Court entered an order granting the motion, giving petitioner fourteen days from the entry of the order in which to file a notice of appeal.

Due to the failure to enter petitioner's change of address in the computerized docket, the order granting petitioner's motion to reopen the time for an appeal was sent to his previous place of incarceration.  The order was returned to the Clerk as undeliverable on September 20, 2005.  The docket was updated with the correct address and the order was remailed the same day.  Petitioner received the order on September 29, 2005, two days after the reopened fourteen-day period for filing a notice of appeal expired.

Petitioner filed a notice of appeal on October 13, 2005, fourteen days after he received the order.  The Sixth Circuit dismissed the appeal as untimely on January 18, 2006.  On March 31, 2006, petitioner filed a motion pursuant to Federal Rule of Civil Procedure 60(b), requesting that the Court vacate and reenter the judgment in this case in order to allow him

to file a new appeal; he also filed another notice of appeal.

In an appropriate case, a district court has the power to grant relief from judgment in order to "revive a lost right of appeal." Lewis v. Alexander, 987 F.2d 392 (6th Cir. 1993). The Court must first determine whether the facts of the case are within one of the enumerated reasons set forth in Rule 60(b).  In this case, the failure to file a timely notice of appeal clearly falls within the first clause, as it was the result of "mistake, inadvertence, surprise or excusable neglect."  The Court must also "find a lack of prejudice to the respondent, prompt filing of the motion after actual notice, and due diligence, or sufficient reason for the lack thereof, . . . in attempting to comply with the time constraints of Fed. R. App. P. 4(a)."  Id. at 396.

As indicated, there is no prejudice to the respondent in this case, as the petition was dismissed prior to service.  In addition, given petitioner's status as a *pro se* prisoner and his lack of legal training, the Court finds that both his original motion to reopen the time for appeal and the present Rule 60(b) motion were filed promptly.  Petitioner's failure to comply with the requirements of Federal Rule of Appellate Procedure 4(a) were the result of the Court's mistake, not to any lack of diligence on his part.  Therefore, plaintiff's motion to vacate and reenter the judgment in this case (dkt. #15) is GRANTED.

The judgment entered on May 13, 2005 is hereby VACATED.  The Clerk is directed to prepare a new judgment to be entered on the order issued May 10, 2005, *nunc pro tunc* to March 31, 2006, the date of petitioner's notice of appeal.

IT IS SO ORDERED.

s/ **James D. Todd**

JAMES D. TODD
UNITED STATES DISTRICT JUDGE